LOUIS W. BORNEMANN, DORIS E. BORNEMANN AND ALBERT N. BORNEMANN, PLAINTIFFS-RESPONDENTS, v. JOSEPH LIQUORI AND ARMAND A. GENNARELLI, DEFENDANTS-APPELLANTS, AND BRONISLAW MACIEJKO, DEFENDANT.

Submitted February 11, 1944—Decided April 13, 1944.

For the appellants, *Patrick A. Dwyer* and *James P. Beggans.*

For the respondents, *LeRoy Vander Burgh* and *I. William Aronsohn.*

PER CURIAM.

As will be seen by a perusal of the opinion delivered in the Supreme Court, the cause arose out of a motor vehicle accident. The original action was in Bergen County Common Pleas and the plaintiffs had verdict and judgment in that court against the defendants. Upon the appeal to the Supreme Court that court held that there was no error requiring a reversal but, instead of affirming the judgment, directed that the appeal be dismissed with costs and that the record be remitted to the Common Pleas to be proceeded with according to law.

We concur in the view of the Supreme Court that there was no error at the trial; but as a matter of practice we are unable to concur in a dismissal of the appeal. If the appellate court has jurisdiction of the subject-matter and the parties,

and the appeal procedure has been properly followed, the cause is decided on its merits by affirmance, reversal, or modification; but dismissal results in case of lack of jurisdiction or defective procedure in transferring the cause from the lower to the higher court. Illustrative cases are *Sautter* v. *Supreme Conclave,* 74 *N. J. L.* 608; *Gottfried* v. *Gottfried,* 106 *Id.* 115, and cases cited. No such defect inheres in the present record. Hence the proper course for the Supreme Court to have taken was not to dismiss the appeal but to affirm the judgment below. *Hale* v. *Lawrence,* 22 *Id.* 72 (at *p.* 80); *Anonymous,* 20 *Id.* 495, 496; *Gardner* v. *The State,* 21 *Id.* 557 (at *p.* 561). The judgment of the Supreme Court is therefore modified in such wise as to affirm the judgment of the Common Pleas with direction that the record be remitted to the latter court for further procedings according to law.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, DONGES, HEHER, PERSKIE, PORTER, WELLS, RAFFERTY, HAGUE, DILL, JJ. 11.

*For reversal*—None.